**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jennifer Rudemyer and Sebastian Renaud, Defendants,

Of whom Jennifer Rudemyer is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-002118

———————————

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-438
Submitted September 19, 2016 – Filed October 18, 2016

———————————

**AFFIRMED**

———————————

Marshall L. Horton and Lindsay Yoas Goodman, both of Horton & Goodman, LLC, of Bluffton, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Gregory Michael Galvin, of the Galvin Law Group, of Bluffton, for the Guardian ad Litem.

**PER CURIAM:** Jennifer Rudemyer (Mother) appeals the family court's order granting custody of her minor child (Child) to Sebastian Renaud (Father). On appeal, Mother argues the family court was bound to the plan of reunification and the family court improperly disregarded section 63-7-1670 of the South Carolina Code (2010). We affirm.[1]

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We find the family court was not bound to the plan of reunification, and although a previous permanency planning order indicated a plan of reunification, reunification was not the law of the case. At a judicial review hearing, which the family court is authorized to conduct pursuant to the permanency planning statute, the family court is required to review the status of the child and the progress being made towards the child's return home. *See* S.C. Code Ann. § 63-7-1700(A) (Supp. 2015) ("At the initial permanency planning hearing, the court shall review the status of the child and the progress being made toward the child's return home or toward any other permanent plan approved at the removal hearing."). Additionally, we find section 63-7-1700 permits the family court to make changes to the permanent plan to accommodate changing circumstances. *See* § 63-7-1700(D) (giving the family court the power to determine whether a child should be returned to the home); 63-7-1700(I) (providing future permanency planning hearings must be held as specified by the statute). Thus, although the family court initially approved a plan of reunification, it had the authority to adjust that plan based on the circumstances. Here, Mother relapsed in November 2014 and was unable to complete her treatment plan by December 2014. Accordingly, we find the family court had the authority to reevaluate Child's permanent plan at the subsequent judicial review hearing.

Next, we find Mother's contention that the family court disregarded section 63-7-1670 is misplaced. Section 63-7-1670 is only applicable to instances in which the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Department of Social Services intervenes and the child remains in the home. *See* S.C. Code Ann. § 63-7-1670(A) ("At the close of a hearing pursuant to Section 63-7-1650 or 63-7-1660 *and upon a finding that the child shall remain in the home* and that protective services shall continue . . . ." (emphasis added)). Here, the family court's order reflects Child was removed from Mother's home pursuant to section 63-7-1660 and placed with Father. Because Child was removed from Mother's home, we find section 63-7-1670 does not apply and Mother's argument that the family court no longer had jurisdiction following her completion of the treatment plan is without merit.

Finally, we find it was in Child's best interests for the family court to grant Father primary custody. *See Cook v. Cobb*, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978) ("The welfare of the child and what is in his/her best interest is the primary, paramount and controlling consideration of the court in all child custody controversies."). As a result of Mother's relapse, Child spent more than thirteen months in Father's custody. During that time Father provided a stable home for Child. Furthermore, the GAL believed it was in Child's best interest to remain in Father's custody. Accordingly, we find primary custody with Father was in Child's best interest.

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**